UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES WORDEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:05-cv-103 |
| ) | |
| v. ) | Honorable Joseph G. Scoville |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| ) | |

This is a social security action brought pursuant to 42 U.S.C. § 405(g). On March 28, 2001, plaintiff filed the application for disability insurance benefits (DIB) giving rise to this appeal. (A.R. 52-54). Plaintiff claimed an August 15, 2000 onset of disability.[1] Plaintiff's claim was denied on initial review, and as a disability redesign prototype case, was not subject to administrative review at the reconsideration stage. (A.R. 39). On January 21, 2003, plaintiff received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 382-409). On March 11, 2003, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 19-26). The Appeals Council denied review on August 4, 2005 (A.R. 5-8), and the ALJ's decision became the Commissioner's final decision. Plaintiff filed a timely complaint seeking review of the Commissioner's decision denying his DIB claim. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties voluntarily consented to have a United

---

[1] Plaintiff's employer terminated his employment on August 31, 2000. (A.R. 112-14).

States magistrate judge conduct all further proceedings in this case, including entry of final judgment. (docket # 9).

Plaintiff's raises four issues for review: (1) whether plaintiff has established grounds for remand to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g); (2) whether the ALJ's credibility determination is supported by substantial evidence; (3) whether the ALJ erred in finding that plaintiff did not meet or equal the requirements for listing 12.04; (4) and whether the ALJ's residual functional capacity determination is supported by substantial evidence. (Plf. Brief at 2, docket # 10). Upon review, the court finds that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision, and the Commissioner's decision will be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772; *see Kuhn v. Commissioner*, 124 F. App'x 943, 947 (6th Cir 2005)("The standard of review authorized in social security disability cases is extremely limited."). The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v.*

*Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on August 15, 2000, his alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. The ALJ found that plaintiff had severe impairments consisting of a mental impairment, diabetes, and obesity. The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing

of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform light work not involving use of foot or leg controls or repetitive or fine dexterity. Plaintiff could not perform "production line type work, hourly quotas or dealing with the general public." (A.R. 25). The ALJ found that plaintiff was unable to perform his past relevant work. Plaintiff was 48 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. Plaintiff has a high school education. Plaintiff did not have any transferrable skills from past relevant work. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with his RFC, education, and work experience, the VE testified that there were approximately 24,400 jobs within Michigan's lower peninsula that plaintiff was capable of performing. (A.R. 406). The ALJ held that this constituted a significant number of jobs. Using Rule 202.20 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 19-26).

**1.**

Plaintiff argues throughout his brief that the ALJ's decision is not supported by substantial evidence, relying on evidence that plaintiff never presented to the ALJ before his decision. (Plf. Brief at 12-13, 20). This is patently improper.[2] It is clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases

---

[2]Plaintiff argues that the Appeals Council was incorrect in its assessment of the evidence that he submitted in support of his application for discretionary review. (Plf. Brief at 12). The scope of the court's review is defined by statute, and does not encompass the Appeals Council's discretionary decision whether to grant review. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review.").

where the Appeals Council denies review.  This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ.  The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ.  *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ.").  The court is not authorized to consider plaintiff's proposed additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law.  *See Cline*, 96 F.3d at 148.

        Plaintiff's brief contains a request that the court remand this matter to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g).[3]  The court can consider plaintiff's proposed new evidence in determining whether remand is appropriate.  *See Foster v. Halter*, 279 F.3d at 357; *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 696.  Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence plaintiff now presents is "new" and

---

[3] An implicit request for remand appears in plaintiff's argument that, "There is good cause for submitting this new evidence post hearing and it is new and material.  Therefore it should be considered in this appeal."  (Plf. Brief at 20).  The court can only consider evidence that was not before the ALJ "in this appeal" in the limited context of evaluating a request for remand to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g).  The last sentence of plaintiff's reply brief (docket # 13 at 5) is plaintiff's explicit request for remand.

"material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005); *Cline*, 96 F.3d at 148; *see also Balogh v. Commissioner*, 94 F. App'x 286 (6th Cir. 2004)(A sentence six remand "requires that all three elements be met."); *Delgado v. Commissioner*, 30 F. App'x 542, 549 (6th Cir. 2002)(same).

The ALJ issued his decision on March 11, 2003. Some of plaintiff's proffered records are not new because they predate the ALJ's decision. (A.R. 347-48). Other documents proffered by plaintiff (A.R. 340-46, 349-81) are new because the documents were generated after the ALJ's decision. *See Cranfield v. Commissioner*, 79 F. App'x 852, 858 (6th Cir. 2003).

Contrary to plaintiff's assumption, "good cause" is not established solely because evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001); *Blair v. Commissioner*, No. 98-3581, 1999 WL 196497, at *4 n. 5 (6th Cir. Mar. 26, 1999). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Oliver*, 804 F.2d at 966; *Willis v. Secretary of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984); *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004)(claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause); *Cranfield v. Commissioner*, 79 F. App'x at 859 (same). Plaintiff's reply brief contains the following statement: "Defendant seems to accept that there is good cause for failing to present this evidence in the prior proceeding." (Plf. Reply Brief at 4, docket # 13). Plaintiff's statement does not approach satisfying his statutory burden of demonstrating good cause. Plaintiff has the burden of demonstrating to the

court's satisfaction that all of the statutory prerequisites for a sentence six remand have been satisfied. The defendant's decision to emphasize the absence of materiality in its brief (docket # 12 at 18-20), cannot excuse plaintiff from his statutory burden of demonstrating good cause. The court finds that plaintiff has not carried his burden of explaining why this evidence was not obtained earlier and submitted to the ALJ before his decision. Plaintiff has not shown "good cause."

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Taylor v. Commissioner*, 43 F. App'x 941, 943 (6th Cir. 2002). The ALJ held that plaintiff was not disabled during the period from his alleged onset of disability of August 15, 2000 through March 11, 2003. Most of the proffered evidence does not purport to address plaintiff's condition on or before March 11, 2003, the date of the ALJ's decision. Plaintiff's brief admits that, "A review of the new evidence submitted reveals that much, but not all the evidence relate[s] to a period of time after March 11, 2003, the date of the ALJ's decision." (Plf. Brief at 12). Upon review, the court finds that the proffered records purporting to address plaintiff's condition on or before March 11, 2003, are not material because they would not have reasonably persuaded the Commissioner to reach a different conclusion. On January 15, 2003, Anetan Vyas, M.D., wrote that he had discussed with plaintiff's attorney the SSI claim and the possibility of plaintiff's employment. Dr. Vyas wrote that he had explained to plaintiff's attorney that plaintiff retained the potential for employment even though plaintiff might find it insufficient to pay for his daily needs. (A.R. 348). On February 26, 2003, Physician's Assistant Karen Brown conducted a "clinic visit/medication review." Brown indicated that plaintiff ran out of Depakote three weeks

earlier and Haldol one week earlier. She recorded that plaintiff had been "compliant" that he and had not experienced any side effects from his medications. (A.R. 347).

On January 29, 2004, more than ten months after the ALJ issued his decision finding that plaintiff was not disabled, plaintiff's attorney took P.A. Brown's sworn statement. (A.R. 374-78). Plaintiff's attorney asked Brown about a residual functional capacity form, presumably the form Ms. Brown later signed on February 17, 2004. (A.R. 379-81). The physician's assistant clarified that she was making an assessment of plaintiff's condition as of 2004. (A.R. 376). The only evidence Brown provided purporting to address plaintiff's condition during the relevant time period appears in the following exchange occurred between plaintiff's attorney and Ms. Brown:

> Q   Without asking you to specifically rate him as of his first contact with you in February of 2003, could you give us some idea as to whether he was less functional or more functional back then?
>
> A   He was less functional.
>
> Q   On a percentage basis or just kind of general way, could you say how much less functional he was back then?
>
> A;   I would say probably about 30% less functional than he is today.

(A.R. 377). Brown's statement that in a "general way" that plaintiff was "probably about 30% less functional" is vague and not based on any objective test results. The court is not persuaded that there is a reasonable probability that the Commissioner would have reached a different decision if this proffered evidence had been presented and considered. Because plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted, plaintiff's request for remand will be denied. Plaintiff's arguments must be addressed on the record presented to the ALJ.

**2.**

Plaintiff argues that the ALJ 's credibility determination regarding the testimony provided by plaintiff and his daughter is not supported by substantial evidence. (Plf. Brief at 13-14). The foundation of plaintiff's argument is evidence that plaintiff never presented to the ALJ. For example, the ALJ found that plaintiff's statements regarding his inability to work were not entirely credible because, among other things, plaintiff's symptoms were "successfully controlled with medication." (A.R. 23). Plaintiff argues that "the record as a whole" does not support the ALJ's finding. (Plf. Brief at 14). Plaintiff's brief acknowledges that there is record evidence supporting the ALJ's finding. (Plf. Brief at 14). The treating physician and psychiatrist evidence supporting the ALJ's finding includes a medication review by Kalamazoo Community Mental Health Services Interim Psychiatrist Wittawat Kasayapanand, M.D., dated May 4, 2000, describing plaintiff's bipolar disorder as being "in remission" with medication (A.R. 225); a September 12, 2000 medication review by H.E. Tehrani, M.D., indicating that plaintiff was living by himself, taking care of himself, and did not have any impairment of cognitive functioning (A.R. 221); statements by Emad Gabriel M.D., dated December 15, 2000 (A.R. 220) and March 2, 2001 (A.R. 218), indicating that plaintiff's condition was stable with medication; a July 26, 2001 psychiatric review and GAF update completed by Sangute Verma, M.D., indicating that plaintiff was doing very well with a stable mood, no evidence of psychosis, and that plaintiff's bipolar disorder was "in full remission" (A.R. 329-30); statements on September 27, 2001 and January 3, 2002 that plaintiff was stable symptomatically and that his bipolar disorder was in "complete remission" (A.R. 326-27); an October 12, 2001, statement by Brooke Wilmot, M.D., describing plaintiff's condition as "well controlled on current medications" (A.R. 286); and statements on July 25, 2002, and October 14, 2002 by Chetan Vyas,

M.D., indicating that plaintiff's medication was "ok" (A.R. 318), and "effective." (A.R. 316). Robert L. Griffith, Psy.D., conducted a consultative examination on July 12, 2001, and found that plaintiff's prognosis was good if plaintiff continued taking his medication. (A.R.253). Plaintiff's brief attempts to downplay the significance of this evidence by labeling it as insufficiently "contemporaneous," and attempting to contrast it with evidence that plaintiff failed to present to the ALJ. (*Id.*). Plaintiff's argument is improper for the reasons previously stated. Whether the ALJ's credibility determination is supported by substantial evidence must be made on the basis of the evidence presented to the ALJ. There is certainly more than substantial record evidence supporting the ALJ's finding that plaintiff's symptoms were successfully controlled with medication.

Plaintiff argues that the ALJ "failed to consider" his work history "which supports a favorable credibility finding." (Plf. Brief at 15). The ALJ did consider plaintiff's work history as a machine operator and forklift driver. (A.R. 20). This court is not at liberty to substitute its own credibility determination for the ALJ's. This court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 746. "[A]n ALJ is not required to accept a

claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Id.*

The applicable standard of review is not whether the plaintiff's testimony was consistent with the uncontradicted medical evidence. The Sixth Circuit has repeatedly held that, "It is permissible for the ALJ and the [Commissioner] to conclude that a witness' testimony is not credible, even if it is uncontradicted in the record." *Harris v. Heckler*, 756 F.2d at 436 (citing *Beavers v. Secretary of Health & Human Servs.*, 577 F.2d 383, 386 (6th Cir. 1978)). This court does not make its own credibility determinations. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) ("Our role is not to resolve conflicting evidence in the record, or to examine the credibility of the claimant's testimony."). "Under 42 U.S.C. § 405(g), the [Commissioner's] findings are conclusive, so long as they are supported by substantial evidence. Our review is limited to determining whether there is substantial evidence in the record to support the findings. 'Substantial evidence' means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Furthermore, we must defer to an agency's decision even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the [Commissioner]." *Wright*, 321 F.3d at 614 (citations omitted); *see also Baranich v. Barnhart*, 128 F. App'x 481, 486 (6th Cir. 2005); *Robinson v. Barnhart*, 124 F. App'x 405, 409-10 (6th Cir. 2005). The court finds that the ALJ's credibility determination easily passes review under this deferential standard.

### 3.

Plaintiff argues that he met or equaled the requirements of listing 12.04 for affective disorders. (Plf. Brief at 16-18). Listing 12.00(A) explains that, "Each listing . . . consists of a

statement describing the disorder(s) addressed by the listing, paragraph A criteria (a set of medical findings), and paragraph B criteria (a set of impairment-related functional limitations). There are additional functional criteria (paragraph C criteria) in 12.02, 12.03, 12.04 and 12.06 . . . ." The ALJ found it unnecessary to discuss the Part A criteria of listing 12.04 because plaintiff fell far short of satisfying the requirements of Parts B or C. (A.R. 22).[4] It was plaintiff's burden at Step III of the sequential analysis to establish that he met or equaled the requirements of this listed impairment. *See Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir. 1987); *see also Thacker v. Social Security Admin.*, 93 F. App'x 725, 727-28 (6th Cir. 2004); *Roby v. Commissioner*, 48 F. App'x 532, 536 (6th Cir. 2002). A claimant must show that he or she satisfies all of the requirements of a listing. *See Elam*, 348 F.3d at 125. *Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987); *see also Blanton v. Commissioner*, 118 F. App'x 3, 6 (6th Cir. 2004); *Lusk v. Commissioner*, 106 F. App'x 405, 411 (6th Cir. 2004). The ALJ found that with regard to Part B, that plaintiff's

---

[4] Parts B and C of Listing 12.04 require that the affective disorder satisfy stringent requirements:
    B. Result[] in at least two of the following:
        1. Marked restriction of activities of daily living; or
        2. Marked difficulties in maintaining social functioning; or
        3. Marked difficulties in maintaining concentration, persistence, or pace; or
        4. Repeated episodes of decompensation, each of extended duration;
    OR
    C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
        1. Repeated episodes of decompensation, each of extended duration; or
        2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
        3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

mental impairment had a mild impact on daily activities, moderate impact on social functioning, and moderate impact on maintaining concentration, persistence or pace. The ALJ found that plaintiff had two episodes of decompensation of short duration that were primarily related to plaintiff's non-compliance with the prescribed treatment regimen. The relevant paragraph from the ALJ's opinion addressing the Part B and C criteria of Listing 12.04 is set forth below:

> The claimant's mental impairments have been evaluated in accordance with 20 C.F.R. 404.1[]520a and the resulting degree of functional limitation has been rated under the Listing 12.00 category, applicable to affective disorders (Section 12.04). He has been diagnosed [as] bipolar with depression characterized by anhedonia, sleep disturbance, decreased energy and difficulty concentrating. The claimant's bipolar disorder is well controlled with medication as indicated by his treating physician (Exhibit 10F). His symptoms have only mildly affected his daily activities. The claimant has consistently stated that he is trying to find a job. The ability to maintain social functioning and to maintain concentration, persistence or pace are only moderately impaired as reported by his treating physician (Exhibit 10F). The claimant testified that he gets along with people. He visits with his son, daughter and father on a regular basis and sometimes goes out to eat. There is evidence of two episodes of decompensation, when the claimant spent short times as an inpatient in 1998 and 2002. He had not been taking his medications the first time and not complying with medications the second time. However, with treatment, the claimant does well. None of the "C" criteria of Listing 12.00 [is] present. The effect of these mental limitations on the claimant's ability to perform basic work-related activities has been incorporated in the residual functional capacity stated in the preceding paragraph.

(A.R. 22). Plaintiff's treating physician, Dr. Wilmot, reported that plaintiff has "mild" difficulty following instructions, with short-term memory, and with concentration and that plaintiff's bipolar disorder was well-controlled with medication. (A.R. 286). Plaintiff argues that the ALJ should have found that plaintiff had "at least" marked restrictions[5] in the areas of daily activities, social functioning, and maintaining concentration, persistence or pace based on plaintiff's testimony and that of his daughter. (Plf. Brief at 16-18). However, the ALJ found that the testimony with regard

---

[5] Where the social security regulations use "marked" as a standard measuring the degree of limitation, "'it means more than moderate but less than extreme.'" *Pascoe v. Commissioner*, 137 F. App'x 828, 884 n.18 (6th Cir. 2005)(quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(c)).

to plaintiff's functional limitations in these areas was not fully credible, and the court has determined that the ALJ's credibility determination is supported by substantial evidence.

**4.**

Plaintiff argues that the ALJ's findings on the mental component plaintiff's RFC was not supported by substantial evidence. (Plf. Brief at 9-13). RFC is the most, not the least, the claimant can do despite his impairments. 20 C.F.R. § 404.1545(a). Residual functional capacity is a determination made by the ALJ based upon all the evidence within the record. *Walters*, 127 F.3d at 530; 20 C.F.R. § 404.1527(e). Upon review, the court finds that the ALJ's RFC determination is supported by more than substantial evidence.

Plaintiff argues that the ALJ's failure to discuss plaintiff's May 2002 hospitalization "requires reversal" of the Commissioner's decision. Plaintiff's argument is set forth verbatim below:

> [A]lthough Mr. Worden's primary care physician believed Worden's bipolar disorder was well controlled, the ALJ failed to even mention that subsequent to that time the claimant suffered another manic episode (in May of 2002). This episode was described by claimant and his daughter in their testimony (Tr. 389-390; 401) and was documented in the records of Kalamazoo Psychiatric Hospital. (Tr. 314). That manic episode resulted in Mr. Worden being arrested and then being voluntarily committed to the Kalamazoo Psychiatric Hospital as a result of his manic behavior in jail. The records from Kalamazoo Psychiatric Hospital reflect that the claimant's discharge diagnosis on June 18, 2002 included bipolar I disorder, most recent episode manic type, severe with psychosis (Tr. 314). The ALJ's failure to discuss this additional evidence also requires reversal.

(Plf. Brief at 11-12). It is well established that the ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered. *Daniels v. Commissioner*, 152 F. App'x 485, 489 (6th Cir. 2005); *see also Baranich v. Barnhart*, 128 F. App'x 481, 488 (6th Cir. 2005); *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). The

ALJ's opinion expressly discussed the medical records relating to plaintiff's May 2002 hospitalization:

> In May 2002, the claimant was admitted to the psychiatric hospital after being arrested for trespassing. He exhibited pressured speech and non-stop talking. The claimant displayed a liable [labile] mood and threatened to sue everyone. On discharge, he was to follow up with mental health. There were some concerns regarding noncompliance with medications (Exhibits 12F& 13F).

(A.R. 21). Plaintiff's argument that the ALJ failed to discuss evidence relating to plaintiff's hospitalization is demonstrably false.

In a similar vein, plaintiff argues that the ALJ "failed to consider" a statement taken by plaintiff's attorney from a social worker wherein the social worker expressed her opinion that plaintiff would not be capable of performing full-time work on a sustained basis. (Plf. Brief at 12; *see* Plf. Reply Brief at 3-4). As previously noted, the ALJ is not required to discuss all the evidence submitted, and his failure to cite specific evidence is not an indication that the evidence was not considered. *Daniels v. Commissioner*, 152 F. App'x at 489. Whether the plaintiff is disabled is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(1). A social worker's opinion is not from an acceptable medical source, and it is not entitled to any particular weight. *See Eldridge v. Apfel*, No. 98-5427, 1999 WL 196564, at * 2 (6th Cir. Mar. 30, 1999) ("[A]lthough the administrative judge is required to consider evidence presented by certain 'acceptable medical sources' including psychiatrists and psychologists, a social worker is simply considered an 'other source' whose opinion the administrative law judge *may* consider."); *accord Boyett v. Apfel,* 8 F. App'x 429, 433 (6th Cir. 2001); *Ferguson v. Commissioner*, No. 95-2152, 1996 WL 341147, at * 1 (6th Cir. June 19, 1996). Furthermore, plaintiff's attorney elected to wait and take the social worker's statement on February 26, 2003, more than a month after the hearing. The hearing

-15-

transcript reveals that plaintiff's attorney did not make any request during the hearing that the ALJ keep the record open to allow plaintiff to supplement the record with the social worker's statement. (A.R. 382-409). Plaintiff's attorney subsequently faxed to the ALJ a copy of the two-page statement and a transmittal letter. (A.R. 333-35). Regardless of whether the ALJ determined that the social worker's statement did not warrant comment, or whether the tardy submission prevented the statement from becoming a part of plaintiff's administrative file before the ALJ's March 11, 2003 decision, the absence of discussion of this particular document in the ALJ's opinion is utterly inconsequential.

## **Conclusion**

For the reasons set forth herein, the Commissioner's decision will be affirmed.


Dated:   February 23, 2006            /s/  Joseph G. Scoville
                                      United States Magistrate Judge